## CIRCUIT COURT OF THE CITY OF RICHMOND

Cynthia L. Samuel

v.

V.C.U. Obstetrics
and Gynecology Assn.

September 23, 1988

Case No. LM-1710-4

By JUDGE RANDALL G. JOHNSON

The issue presently before the court is whether defendant, V.C.U. Obstetrics and Gynecology Association, a corporation organized under the Virginia Nonstock Corporation Act (Va. Code § 13.1-801 *et seq.*), and whose only members are licensed physicians, is a "health care provider" under Virginia's Medical Malpractice Act, Va. Code Section 8.01-581.1 *et seq.* ("the Act"). Defendant contends that it is a health care provider, and has filed a demurrer to and motion to dismiss plaintiff's medical malpractice lawsuit against it on the ground that the Act's provisions relating to medical review panels have not been complied with. Defendant has also demurred to and moved to strike the *ad damnum* clause of the motion for judgment because the damages sought exceed the $1,000,000 "cap" on recoveries against health care providers contained in the Act. Plaintiff counters by arguing that defendant is not a health care provider and, thus, the provisions of the Act do not apply to her claim.

The definition of the term "health care provider"

is found in § 8.01-581.1 of the Act. That section provides, so far as is pertinent here, as follows:

> "Health care provider" means a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist, health maintenance organization or a nursing home. . . .

In *Gressman v. Peoples Service Drug Stores, Inc.*, 10 Va. Cir. 397 (1988), this court held that a corporation which owned and operated a "full service" retail drug store which contained a pharmacy, and employed licensed pharmacists as part of its overall retail operation, was not a health care provider since the corporation itself was not "licensed by this Commonwealth to provide health care or professional services as a . . . pharmacist." Subsequent to that decision, the Supreme Court of Virginia, in the case of *Richman v. National Health Laboratories, Inc.*, 235 Va. 353, 367 S.E.2d 508 (1988), held that a clinical laboratory also is not a health care provider. Specifically, the Court stated:

> All the parties agree that the Lab is not licensed by the Commonwealth. Instead, it is inspected by the Commonwealth and licensed by the federal government. [Plaintiff] submits that the Commonwealth's role in the inspection/licensing scheme is tantamount to licensing. However, the statute states specifically that it applies to certain facilities or institutions "licensed" by the Commonwealth. We take the statute as it is written. Thus, the fact that the Lab is not licensed by the Commonwealth means that the Lab is not a health care provider under the opening language of the definitional provision.
>
> Moreover, clinical laboratories are not included in the list of persons and facilities set forth in the statute. Along with mentioning

> several individual fields of endeavor, the list also mentions two types of facilities: Hospitals and nursing homes. But it does not mention clinical laboratories. There is nothing about the nature of hospitals and nursing homes which suggests that clinical laboratories, though not mentioned, should nevertheless be included in the statute. Rules of liberal construction cannot properly be applied to rewrite a statute in order to alter what it actually says. 367 S.E.2d at 510-11.[1]

As was true with the Lab in *Richman*, defendant here is also not licensed by the Commonwealth to provide health care or professional services as one of the entities listed in § 8.01-581.1. It would seem, then, that a literal reading of *Richman* mandates the conclusion that the present defendant is also not a health care provider, and plaintiff urges the court to adopt such a literal reading. Defendant, on the other hand, contends that such a literal reading of *Richman* is not appropriate here. Specifically, defendant points to the next-to-last sentence of the above-quoted portion of *Richman*--"[t]here is nothing about the nature of hospitals and nursing homes which suggests that clinical laboratories, though not mentioned, should nevertheless be included in the statute"--to argue that if there *is* something about the nature of a particular entity to suggest that though such entity is not mentioned in the statute it should "nevertheless be included," the holding of *Richman* should not apply. This court does not agree.

As this court reads *Richman*, it is convinced that the Supreme Court was simply recognizing that in order for a person, corporation, facility, or institution to be within the statutory definition of health care provider, it has to meet two requirements. First, it has to be "licensed by this Commonwealth to provide health care or professional services"; and second, it has to be one of the entities listed in the statute *or*, giving a liberal interpretation to that next-to-last sentence, an entity

---

[1] In *Richman*, it was the plaintiff who argued that the Lab was a health care provider while the Lab argued it was not.

which, "though not mentioned, should nevertheless be included in the statute." The *Richman* Court first considered whether the Lab was "licensed by the Commonwealth." It found that it was not. The plaintiff, however, contending that the Lab was a health care provider, argued that the Commonwealth's *inspection* of the Lab was *tantamount* to licensing. The Court held that it was not. This court believes that the language appearing *after* that holding, the language beginning with the word "Moreover," was included not to do away with the licensing requirement of the statute, but only to emphasize that even if the inspection of the Lab *was* tantamount to licensing, the Lab still would not be a health care provider because it did not meet the second requirement of the definition; that is, it was not one of the entities listed in the statute *and* there was nothing about the nature of clinical laboratories to suggest that such laboratories, though not listed, should be included. There is nothing in that language or in the remainder of the *Richman* opinion to suggest that the licensing requirement can ever be ignored.

In the case at bar, defendant has admitted in discovery requests that it is not licensed by the Commonwealth of Virginia to provide health care or professional services. In addition, there has been no claim that defendant undergoes any inspection or other procedure which is tantamount to licensing. Because defendant does not meet the first requirement of the definition set out in Va. Code Section 8.01-581.1, it cannot be a health care provider under the Act.

Defendant also claims that whether or not the court finds that it meets the statutory definition of health care provider, plaintiff here is estopped from claiming defendant is not a health care provider because plaintiff previously served a notice of claim on defendant pursuant to § 8.01-581.2 of the Act in which plaintiff described defendant as a health care provider. The court does not agree. The issue of whether certain entities, including the defendant here, are or are not health care providers is not yet settled in the Commonwealth. While this court now holds that defendant is not a health care provider, the Honorable J. E. Kulp of the Circuit Court of the County of Henrico, when faced with the identical issue, held that a similar corporation *was* a health care provid-

er. *Francis v. McEntee, M.D.*, Case Nos. 86-L-83 and 86-L-84 ([order] rendered July 15, 1988). Like this court, Judge Kulp had the benefit of the *Richman* case when he made his ruling. Thus, it is quite understandable why a plaintiff's lawyer would pursue his or her client's claim both under the Act and outside of it. Otherwise, the claim may be lost altogether, as it was in *Richman*. Just as alternate facts and theories may be asserted by a party in court, even if such alternative facts and theories are inconsistent (*see* Va. Code § 8.01-281 and Rule 1:4(k) of the Rules of the Supreme Court of Virginia), the court believes that the "inconsistent" facts alleged by plaintiff with regard to defendant's status is a health care provider here do not invoke the doctrine of estoppel.[3]

For all of the above-stated reasons, defendant's demurrers, motion to strike, and motion to dismiss are overruled.

[3] The court also notes the following language in plaintiff's notice of claim: "The giving of this Notice to V.C.U. Obstetrics and Gynecology Association is not an admission that notice to it is required or that the Medical Malpractice Act is applicable to it because the corpopration is not a "Health Care Provider" as defined by Va. Code Ann. Section 8.01-581.1."