## CIRCUIT COURT OF LEE COUNTY

Clyde Clinton Peterson

    v.

Emergency Coverage Corp. et al.

August 17, 1989

Case No. L8708-61

By JUDGE J. ROBERT STUMP

The court has considered briefs and oral argument on Emergency Coverage Corporation's (E.C.C.) plea to the statute of limitations and makes the following findings of fact and conclusions of law.

Pertinent facts and dates are as follows. Peterson's alleged personal medical malpractice injuries occurred from January 5 through 13, 1987; notice of claim per Virginia Medical Malpractice statutes was filed by Peterson against E.C.C. on January 3, 1989; E.C.C.'s attorney accepted service of process on the amended motion for judgment filed against E.C.C. in May, 1989.

The court must decide the threshold issue of whether or not E.C.C. is a "health care provider" pursuant to Virginia Code § 8.01-581.1. This definition was amended effective July 1, 1989. However, the court construes the language prior to the 1989 amendment during the effective period in question. If E.C.C. is not a health care provider per the Virginia Medical Malpractice Act, the two-year statute of limitations had expired when E.C.C. was served with the motion for judgment.

The pertinent statute reads as follows:

"Health care provider" means a person, corporation, facility or institution *licensed by this Commonwealth* to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist or a nursing home as defined in § 54-900 of the Code of Virginia except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or religious denomination, *or an officer, employee or agent thereof* acting in the course and scope of his employment. (Emphasis mine).

E.C.C. is a Tennessee Corporation that provided emergency care and physician to Lee County Hospital, where the alleged medical malpractice occurred against Peterson. E.C.C. is not "licensed by this Commonwealth"; "is not a health care provider under the opening language of the definitional provision"; and is "not included in the list of persons and facilities set forth in the statute" (§ 8.01-581.1). *Richman v. National Health Laboratories*, 235 Va. 353, 357 (1988).

Peterson also claims that E.C.C. is a health care provider under the closing line of the definitional provision of the statute, that is, E.C.C. is "an officer, employee, or agent thereof" Lee County Hospital and/or Dr. Michael Johnston, a Virginia licensed physician and co-defendant, who was providing emergency room care at Lee County Hospital per contract with E.C.C. during the period in question.

The Virginia Supreme Court in *Richman, supra*, construing § 8.01-581.1, expressly declined to decide the issue of whether the "employee or agent" language applied to the exception to nursing institutions or to the list of professionals set forth in the main portion of the statute. Therefore, this issue is one of first impression in Virginia.

This court has not had sufficient time to research the legislative intent of the statute, nor is any authority provided by counsel. However, the 1989 amendment, although

not applicable here, is persuasive to show the General Assembly's prior intent. The 1989 amended definition of "health care provider" does not materially alter the language except that they added a new clause to the statute, "(ii) a professional corporation all of whose shareholders or members are so licensed". And most importantly the 1989 amendment inserted the designators of clauses (i), (ii) and (iii), which delineate and set apart three different categories, that is, (i) list of professionals, (ii) professional corporations, and (iii) nursing homes. It is clear in the 1989 amendment that separate designated clause (iii) intends that the "employee or agent" language applies to the nursing home exception and not to the list of professionals as set forth in the main portion of the statute (as of July 1, 1989, designated under clause (i)). It is this court's opinion that the legislative has now cleared up the ambiguous last closing line of the statute by designating without materially changing the definitional meaning, but classifying the true predicate and adjective phrases.

Wherefore, this court opines and finds that the "employee or agent" language in the statute applies to the nursing home clause or exception, and does not apply to the list of professionals. Therefore, the unlitigated factual issues of E.C.C.'s agency of Lee County Hospital and/or Dr. Johnston has no standing or merit.

For the above reasons the court holds that E.C.C. is not a "health care provider" pursuant to the strict language of § 8.01-581.1; is not entitled to the protection of the Medical Malpractice Act; and is not subject to the tolling provisions of the notice of claim requirements (§ 8.01-581.9). Therefore, the court sustains E.C.C.'s plea of the statute of limitations and dismisses Peterson's motion for judgment against E.C.C.