## CIRCUIT COURT OF THE CITY OF RICHMOND

Edna Chatman

v.

IPCO Corp., etc., et al.

November 2, 1990

Case No. LR-4024-1

BY JUDGE MELVIN R. HUGHES, JR.

Defendant IPCO Corporation filed a Demurrer to the Amended Motion for Judgment, which was filed after the Court sustained IPCO's Demurrer to the original Motion for Judgment.

Plaintiff brings this action against three dentists and IPCO, trading as Sterling Dental Center, alleging dental malpractice and damages in the improper fitting of a dental appliance. In the first motion for judgment, the only mention of IPCO was as part owner of Sterling Dental Center and as a national chain which leases to and contracts with dentists to provide, according to the pleading, "in house" practice. Otherwise, the first pleading alleged all the defendants were "jointly and severally negligent individually and as agents and employees of Sterling Dental Center." Deeming these allegations insufficient to make a claim of malpractice against IPCO directly or any claim vicariously, the Court sustained the first demurrer. Now in the Amended Motion for Judgment, plaintiff alleges (1) IPCO was involved in a joint enterprise with the defendant dentists under the trade name Sterling Dental Center, (2) the dentists were agents of IPCO, the owner, (3) IPCO pressed the dentists in their work causing them to be negligent, and (4) IPCO itself provided dental service to plaintiff without a license to practice dentistry.

IPCO states that being unlicensed, it "cannot be guilty of malpractice" because it is not "a health care provider" as defined in § 8.01-581.1, Code of Virginia of 1950, as amended, the Virginia Medical Malpractice Act § 8.01-581.1, *et seq.* (the Act). In support of the "health care provider" argument, IPCO relies on *Richman v. National Health Laboratories,* 235 Va. 353 (1988). IPCO also demurs on the ground that maintaining an oppressive work environment is not a cause of action, and there is no dentist-patient relationship alleged as to it.

The Court finds that the Demurrer is not sustainable this time on any ground. For reasons that follow the allegation that IPCO is not licensed to practice dentistry is of moment here. With the exception of one of them, the other allegations are sufficient, if proved, to produce liability as to IPCO.

The pertinent part of the "health care provider" definition found in § 8.01-581.1 is:

> "Health care provider" means a person, corporation facility or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapist assistant, clinical psychologist or a nursing . . . .

IPCO's nonlicensure has no consequence in this case. In *Richman,* the issue of "health care provider" was important because defendant there, a clinical laboratory charged with providing erroneous test results to a physician, raised a statute of limitations defense. The laboratory contended and the Court agreed that the tolling provision in § 8.01-581.2 on filing the Notice of Claim naming the laboratory was not applicable because the Act did not apply. In the reported cases, this Court has decided on the issue of a "health care provider" under the Act, there were other questions of whether the Act applied and the rules under it were to be followed, *Gressman v. Peoples Service Drug Stores, Inc.,* 10 Va. Cir. 397 (1988) (notice requirements and exceeding damage limitations under the Act), *Samuel v. V.C.U. Obstetrics, etc. Ass'n,* 13 Va. Cir.

367 (1988) (medical malpractice review panels and exceeding damage limitations under the Act). Here, no issues of medical malpractice rules under the Act are present to make it necessary to first decide its application to a defined "health care provider." IPCO or any other "person, corporation, facility, or institution" subject to licensure but not licensed can be guilty of malpractice. Not licensed does not mean not possibly liable; it only means IPCO has no protections under the Act.

Because counsel for plaintiff stated during argument that the oppressive work environment allegation was not a cause of action and would not be pursued as such, there is no reason for the Court to take action on this part of IPCO Demurrer. The question of no dentist-patient relationship allegation is also resolved in favor of plaintiff. Plaintiff has alleged claims for direct and vicarious liability against IPCO stating it practices dentistry itself through dentists, as employees and agents, as would be the case with a "corporation . . . licensed by the Commonwealth to provide health services as a . . . dentist . . ." under § 8.01-581.1(1). This is not unlike a claim against a professional corporation providing health services as a health care provider under the Act.

Accordingly, the IPCO's demurrer is overruled.