## CIRCUIT COURT OF FAIRFAX COUNTY

Allen

v.

IPCO Corp. et al.

October 29, 1991

Case No. (Law) 100809

By JUDGE J. HOWE BROWN

This matter is before the Court on defendant IPCO Corporation's Plea in Bar and Motion to Dismiss. After hearing oral argument, the Court took the case under advisement to consider the briefs submitted and applicable law. The issues before the Court are whether IPCO was a "health care provider," as defined under the Medical Malpractice Act, such that the sending of a notice of claim would toll the statute of limitations; and if not, whether it is equitably estopped from asserting the statute of limitations as a bar to this action.

Under the relevant provision of the Act, a "health care provider" must be licensed by this Commonwealth to provide health care or professional services as, *inter alia*, a dentist or health maintenance organization. Code Section 8.01-581.1. If an entity is not so licensed by the Commonwealth, then by definition it is not a health care provider. *See Richman v. National Health Laboratories*, 235 Va. 353, 357 (1988). Whether or not IPCO held itself out as a dentist or health maintenance organization is thus immaterial. There is nothing in the language of the statute or in the *Richman* opinion to indicate that the

licensing requirement can ever be ignored. *Samuel v. V.C.U. Obstetrics, etc., Ass'n*, 13 Va. Cir. 364, 367 (1988).

Thus, the Court holds that IPCO must have been licensed by the Commonwealth in order to be a "health care provider" under the terms of the Act. It does not appear from the presentation or the record that IPCO was ever so licensed. Therefore, unless plaintiff can produce evidence of a license, IPCO cannot be a "health care provider" as defined by the statute, and the tolling provisions of the Act do not apply. The Court also finds that IPCO is not equitably estopped from pleading the statute of limitations. IPCO had no duty to notify the plaintiff after receiving notice of the claim that it was not a health care provider. Its failure to do so does not amount to an express or implied representation that it would not plead the statute of limitations or even that it was a health care provider subject to the terms of the Act.

The Court also rejects plaintiff's argument that IPCO was the agent for the doctors and as such a defendant in this suit. Even if IPCO was such an agent, if the action was untimely filed, the suit against it is subject to the bar of the statute of limitations. Further, while Code § 8.01-581.1 does refer to agents of nursing homes as being subject to the provision of the Act, this language does not extend to other unlicensed persons or corporations. *See Peterson v. Emergency Coverage Corp.*, 16 Va. Cir. 368, 370 (1989).

As set forth above, unless plaintiff can produce evidence that IPCO was licensed by the Commonwealth as provided by Code § 8.01-581.1, the Plea in Bar and Motion to Dismiss will be granted.